# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20293
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOHAMMAD KHAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-64-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mohammad Khan appeals his convictions and sentences for conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, conspiracy to defraud the United States and pay health care kickbacks in violation of 18 U.S.C. § 371, and five counts of offering or paying health care kickbacks and aiding and abetting in violation of 42 U.S.C. § 1320a-7b(b)(2) and 18 U.S.C. § 2. Khan argues that his conspiracy offenses were the same

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense for purposes of the Double Jeopardy Clause because they involved the same times periods, the same locations, and the same participants.  As he concedes, he did not raise this claim in the district court, so our review is limited to plain error.  *See United States v. Njoku*, 737 F.3d 55, 67 (5th Cir. 2013).

The language on the face of the indictment, charging Khan with a conspiracy in violation of § 1349 and a conspiracy in violation of § 371, does not raise double jeopardy concerns.  Section 371 contains an overt act requirement, which § 1349 does not contain.  *See United States v. Jones*, 733 F.3d 574, 584 (5th Cir. 2013).  Further, § 371 is based on a conspiracy to violate a section of Title 42, while § 1349 is based on a conspiracy to commit an offense under Title 18.  *See Jones*, 733 F.3d at 584.  There is no double jeopardy violation "apparent on the face of the indictment or record," so Khan has waived any double jeopardy challenge to the convictions by pleading guilty to the offenses.  *See United States v. Broce*, 488 U.S. 563, 569, 575-76 (1989).

A complaint about the multiplicity of sentences may be raised for the first time on appeal.  *Njoku*, 737 F.3d at 67.  We review a defendant's contention of multiplicitous sentences raised for the first time on appeal involving an issue of double jeopardy for plain error.  *Njoku*, 737 F.3d at 67.

We have held that a conspiracy to commit health care fraud in violation of § 1349 and a conspiracy to defraud the United States by taking kickbacks in violation of § 371 are two separate offenses for purposes of double jeopardy.  *See Njoku*, 737 F.3d at 67-68; *see also Jones*, 733 F.3d at 584; *United States v. Ngari*, 559 F. App'x 259, 269-70 (5th Cir. 2014).  This case is distinguishable from *United States v. Ogba*, 526 F.3d 214, 234-36 (5th Cir. 2008), in which we held that the imposition of sentences under both 42 U.S.C. § 1320a-7b(b)(2)(A) (illegal remunerations) and 18 U.S.C. § 1347 (healthcare fraud) were

multiplicitous.  Unlike *Ogba*, a jury could not have found a violation of § 1349 simply by finding that Khan violated § 371, or vice versa.  *See Ngari*, 559 F. App'x at 270.  Therefore, the district court did not err, plainly or otherwise, in sentencing Khan for conspiracies under both statutes because, as charged, each offense required proof of a fact that the other did not.  *See Njoku*, 737 F.3d at 67-68; *Jones*, 733 F.3d at 584; *Ngari*, 559 F. App'x at 270.

Khan next contends that the district court erred in ruling that there was an adequate factual basis to support his convictions for two separate conspiracies under §§ 1349 and 371.  The record indicates that Khan, the assistant administrator of Riverside General Hospital who controlled the partial hospitalization programs (PHPs), knowingly and voluntarily entered into a conspiracy to commit health care fraud by agreeing with Riverside's owners and operators to submit $116 million in fraudulent claims to Medicare for PHP treatment for patients who did not have severe mental illness and did not need or did not receive the treatment.  Khan and others instructed the staff to fabricate treatment plans and other documents in the patients' files so as to appear to meet Medicare standards and avoid detection of the ongoing fraud.  At rearraignment, Khan admitted that he knew that some of the services being billed by Riverside were not medically necessary or were not actually provided.  The record thus indicates that Khan admitted that he and others agreed to commit health care fraud, that he knew the unlawful purpose of the agreement, and that he joined in the agreement willfully.  *See United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012).  The district court did not plainly err in finding that there was a factual basis for Khan's guilty plea to conspiracy to commit health care fraud in violation of § 1349.  *See id.*

The record also indicates that Khan and others agreed to pay kickbacks to recruiters, as well as to owners of group homes and assisted living facilities,

in exchange for their referral of patients for the PHPs.  Khan also compensated patients for attending the PHPs by providing them cigarettes, food, and coupons redeemable for items available at Riverside.  The record substantiates that Khan and others agreed to defraud the United States by paying health care kickbacks and that he took an overt act in furtherance of the conspiracy by making various payments as set forth in the Presentence Report.  The district court did not plainly err in finding that there was an adequate factual basis for Khan's guilty plea to conspiracy to defraud the United States by paying health care kickbacks in violation of § 371.  *See United States v. Wright*, 211 F.3d 233, 237-38 (5th Cir. 2000).

AFFIRMED.